FILED by Arlington County Circuit Court

08/31/2020

V I R G I N I A :

IN THE CIRCUIT COURT OF ARLINGTON COUNTY

| | | |
|---|---|---|
| COMMONWEALTH | ) | |
| | ) | |
| v. | ) | CR20-235 |
| | ) | |
| CURTIS WELLS | ) | |

## ORDER GRANTING MOTION TO SUPPRESS

This matter came before the Court on August 17, 2020 on the Defendant's Motion to Suppress evidence obtained from the search of Defendant's vehicle on February 9, 2020. The Commonwealth was represented by her attorney Melanie Wright, the Defendant by his attorney, Andrew Clarke, and the Defendant, in the custody of the Sheriff, appeared via videoconference.

Whereupon the Court conducted an evidentiary hearing, after which the Court heard argument of counsel.

Upon consideration whereof, the Court having assessed the credibility of the witnesses and afforded the testimony and the evidence presented such weight as the Court deems appropriate, it is the opinion of the Court that the Defendant's motion is granted. The Court states the following reasons therefore:

(1)	The Commonwealth bears the burden of establishing that the warrantless search of Defendant's vehicle was lawful. The Commonwealth presented evidence and argued that the search of Defendant's vehicle on February 9, 2020 was permitted under the community caretaker exception to the Fourth Amendment, which permits a warrantless inventory search of a vehicle if the following elements, set forth in *Cantrell v. Commonwealth*, 65 Va. App. 53, 60, 774 S.E.2d 469 (2015), are met: (1) the vehicle must be lawfully impounded; (2) the impoundment and subsequent search must be conducted pursuant to standard police procedures; and (3) the impoundment and subsequent search must not be a pretextual surrogate for an improper investigatory motive."

(2)	No evidence was presented at the hearing regarding how the inventory search of Defendant's vehicle was conducted, why items were seized from the vehicle, or whether the search conformed with standard police procedures. The testimony of Officer Fuentes only went to the impoundment of Defendant's vehicle as he did not conduct or otherwise participate in the inventory search.

(3)	The Court finds that the testimony of Officer Fuentes, standing alone, is insufficient to establish both the second and third *Cantrell* elements and no other evidence was introduced during the hearing regarding the Arlington County Police Department's inventory

EXHIBIT

10

search procedures at the time of the search, or whether those procedures were followed in the search of Mr. Wells' vehicle on February 9, 2020.

(4)     Accordingly, the Court finds there was not a preponderance of evidence that the inventory search of Mr. Wells' vehicle on February 9, 2020, or the seizure of any items from the vehicle pursuant to that search, met the requirements articulated by the Court of Appeals in *Cantrell* or were otherwise consistent with the Fourth Amendment.

(5)     As the  Commonwealth has not met its burden of proving that the warrantless search of Defendant's vehicle met any valid exception to the Fourth Amendment's warrant requirement, the inventory search of Defendant's vehicle on February 9, 2020 violated Defendant's Fourth Amendment rights and the evidence obtained during that search must be suppressed.

Because the Court has decided Defendant's motion on the grounds stated herein, the Court makes no findings:

(a) whether the initial encounter between Mr. Wells and Officer Armstrong was lawful;
(b) whether Officer Armstrong's actions after his initial encounter with Mr. Wells violated Mr. Wells' Fourth Amendment rights; or
(c) whether the impoundment of Mr. Wells' vehicle by Officer Fuentes was lawful.

The Court also makes no findings whether the search of Defendant's home and a second vehicle, approximately one week later pursuant to a search warrant, violated Defendant's Fourth Amendment rights, as neither party presented any evidence or argument regarding these subsequent searches at the hearing.

Entered this 31st day of August 2020.


_____
Judith L. Wheat, Judge