IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

CURTIS LEVAR WELLS, JR.,

   Plaintiff,

v.                                      Case No. 1:22-cv-00140-MSN-IDD

JAVIER FUENTES, SCOTT WANEK,
MICHAEL P. ARMSTRONG, ASHLEY
BARNICKLE, LAUREN LUGASI,
KIMBERLY SOULES, AUSTIN KLINE,
JOHN VANAK, KEITH SHEPHERD,
COUNTY OF ARLINGTON, JOHN AND
JANE DOES 1-10 AND UNITED STATES
OF AMERICA,

   Defendants.

## BRIEF IN SUPPORT OF MOTION TO DISMISS SECOND AMENDED COMPLAINT FOR DEFENDANT ASHLEY BARNICKLE

On February 18, 2020, Detective Ashley Barnickle obtained a warrant to search a 2008 Pontiac driven and owned by Plaintiff Curtis Levar Wells, Jr. Detective Barnickle obtained the search warrant from a neutral and detached magistrate as a part of an investigation conducted by another detective. Nonetheless, Plaintiff now asserts—based on pure supposition—that Detective Barnickle misrepresented information in her search warrant affidavit. Because the documents on which Plaintiff purports to rely do not support his contentions, and because Plaintiff's remaining allegations are mere speculation devoid of any supporting facts, Plaintiff fails to state a claim against Detective Barnickle. All claims against her should be dismissed with prejudice pursuant to Federal Rule of Civil Procedure 12(b)(6).

## ALLEGATIONS AND CLAIMS

Detective Barnickle respectfully incorporates the Allegations and Claims and Procedural Posture stated in the Brief in Support of Motion to Dismiss Second Amended Complaint on Behalf of Defendants Fuentes, Lugasi, Soules, Kline, and Vanak, ECF No. 60 as if fully set out herein.

## LEGAL STANDARD

The purpose of a motion to dismiss is "to test the legal sufficiency of the Complaint." *Randall v. U.S.,* 30 F.3d 518, 523 (4th Cir. 1994). "To survive a motion to dismiss, a Complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is "plausible" when the plaintiff pleads facts sufficient to allow the court to draw the reasonable inference that the defendant is liable for the alleged misconduct. *Twombly,* 550 U.S. at 556. A court should grant a motion to dismiss, however, where the allegations are nothing more than legal conclusions, or where they permit a court to infer no more than a possibility of misconduct. See *Iqbal,* 556 U.S. at 678–79. Thus, where a Complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id*. at 678.

The Court need not accept legal conclusions that are presented as factual allegations, *id.* at 555, or "unwarranted inferences, unreasonable conclusions, or arguments." *Eastern Shore Markets, Inc. v. J.D. Assocs. Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000). "[L]abels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a Complaint suffice if it tenders naked assertions devoid of further factual enhancement." *Iqbal*,

556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557); see also, *Tobey v. Jones*, 706 F.3d 379, 387–88 (4th Cir. 2013).

## ARGUMENT

I.  **Plaintiff cannot rely on a theory of "concert of action."**

Much like the original Complaint, the Second Amended Complaint repeatedly invokes a theory of "concert of action" in an apparent attempt to hold each Defendant responsible for the decisions and actions of each other Defendant in this action. *See, e.g.*, ECF No. 48 ¶¶ 169, 170, 181. Plaintiff's invocation of this theory is inconsistent with the Fourth Circuit's instruction that a plaintiff affirmatively show "that the official charged acted personally in the deprivation of the plaintiff's rights." *Wright v. Collins*, 766 F.2d 841, 850 (4th Cir. 1985).

"Liability under § 1983 has always been personal in nature." *Arebaugh v. Dalton*, 600 F. Supp. 1345, 1348 (E.D. Va. 1985). "Each defendant is entitled to have [her] case considered individually." *Id.* (citing *Rizzo v. Goode*, 423 U.S. 362, 371-72 (1976)). "[A] plaintiff must plead and prove that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Ashcroft v. Iqbal,* 556 U.S. 662, 676 (2009); see also, *Parker v. Keen*, 7:16-CV-00568, 2017 WL 1234077 (W.D. Va. April 4, 2017); *Trulock v. Freeh*, 275 F.3d. 391, 402 (4th Cir. 2001) ("[L]iability is personal, based upon each defendant's own constitutional violations."); *Octave v. Wade*, No. 3:16-CV-00338-JAG, 2017 WL 465467, at *3 (E.D. Va. Feb. 3, 2017) ("[T]he culpability of one government official does not infect his or her colleagues by osmosis.").

Accordingly, to the extent Plaintiff relies on this theory—by which an officer could be held responsible for the unspecified actions of her colleagues—as to Detective Barnickle, the Amended Complaint does not state a claim.

## II. Standard for Qualified Immunity.

Qualified immunity provides immunity from suit rather than a mere defense to liability. *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985). Thus, it should be resolved at the earliest possible stage of litigation. *Anderson v. Creighton*, 483 U.S. 635, 646, n.6 (1987) (emphasis added). Indeed, qualified immunity "is effectively lost if a case is erroneously permitted to go to trial." *White v. Pauly*, 137 S. Ct. 548, 551–52 (2017). The safe harbor of qualified immunity ensures that public employees will not be liable for bad guesses in gray areas, but only for transgressing bright lines. *Maciariello v. Sumner*, 973 F.2d 295, 298 (4th Cir. 1992).

The Supreme Court has outlined a two-pronged test governing qualified immunity. The first prong considers whether the facts, viewed in the light most favorable to the plaintiff, make out a violation of a constitutional right. If they do, the second prong considers whether the constitutional right in question was "clearly established" at the time of the defendants' alleged violation. *Pearson v. Callahan*, 555 U.S. 223, 231-32 (2009). The Court has discretion to determine which prong to address first. *Hunsberger v. Wood*, 570 F.3d 546, 552 (4th Cir. 2009). A clearly established right is not discussed in a generalized fashion, but instead must be defined at a high level of particularity. *Wilson v. Kittoe*, 337 F.3d 392, 403 (4th Cir. 2003). The Supreme Court has reiterated that "clearly established law must be 'particularized' to the facts of the case . . . [o]therwise, plaintiffs would be able to convert the rule of qualified immunity . . . into a rule of virtually unqualified liability simply by alleging violation of extremely abstract rights." *White*, 137 S. Ct. 548, 552 (2017) (emphasis added).

The Supreme Court has stated that,

> [A] court must ask whether it would have been clear to a reasonable officer that the alleged conduct was unlawful in the situation he confronted. If so, then the defendant officer must have been either incompetent or else a knowing violator of the law, and thus not entitled to

4

qualified immunity. If not, however—i.e., if a reasonable officer might not have known for certain that the conduct was unlawful—then the officer is immune from liability.

*Ziglar v. Abbasi*, 137 S. Ct. 1843, 1867 (2017). "[I]n other words, the legal question must be 'beyond debate.'" *Doe v. Rector & Visitors of George Mason Univ.*, 132 F. Supp. 3d 712, 725 (E.D. Va. 2015) (citing *Ashcroft v. al-Kidd*, 563 U.S. 731 (2011)).

### III. Detective Barnickle's seizure and search of the Pontiac did not violate Plaintiff's Fourth Amendment rights.

In Count I, Plaintiff contends that Detective Barnickle violated his Fourth Amendment rights in seizing and searching his Pontiac. Although Plaintiff does not detail how his allegations against Detective Barnickle relate to the alleged Fourth Amendment violation, the issues appear to break down into three categories. First, Plaintiff claims that Detective Barnickle searched the Pontiac prior to obtaining a warrant. Second, Plaintiff suspects Detective Barnickle, "or another officer," of having planted a bag of drugs in the Pontiac. Third, Plaintiff charges Detective Barnickle with making misrepresentations or omissions in her search warrant affidavit. Neither Plaintiff's allegations nor the Search Warrant Detective Barnickle obtained for the Pontiac, however, support these assertions.

#### A. Plaintiff's claims that Detective Barnickle searched the Pontiac before obtaining a warrant and planted drugs in Plaintiff's car are pure speculation and not supported by the documents on which he purports to rely.

In order to state a claim, a complaint must assert factual allegations sufficient "to raise a right to relief above the speculative level" and have "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Under this standard, bare legal conclusions "are not entitled to the assumption of truth" and are insufficient to state a claim. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). Moreover, when "a complaint

5

pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* at 678.

Plaintiff's claim that Detective Barnickle searched his Pontiac before obtaining a warrant is premised on the type of pure speculation the Supreme Court explained was insufficient in *Twombley* and *Iqbal*. He points to Paragraph 13 of Detective Barnickle's Statement of Material Facts, which states that the Pontiac "contained evidence to include a personal communication device." ECF No. 48 ¶ 119. Plaintiff concludes that, because Detective Barnickle used the past tense, she must have already searched the vehicle. *Id.* Plaintiff faults Detective Barnickle for not stating that a cellular phone "may be present." *Id.* ¶ 120. But Detective Barnickle did say exactly that—that electronic devices "may be present" in the Pontiac—in articulating how her training and experience informed her probable cause analysis in Paragraph 15 of the affidavit. Exhibit 2 ¶ 15.

Plaintiff's syntactical argument is speculative, offers no supporting factual allegations, and ignores the remaining text of the search warrant affidavit. It is not plausible on its face and, to the extent any of Plaintiffs' claims—including Count I—are premised on this allegation, they should be dismissed with prejudice.

Moreover, as Plaintiff acknowledges, Detective Barnickle's report reflects that she retrieved the phone "from the center console" after obtaining the warrant. Exhibit 10; ECF No. 48 ¶ 121. Plaintiff assumes that "from the center console" could only mean "from inside the center console compartment." This speculative assumption cannot support Plaintiff's claim against Detective Barnickle, particularly when it is contradicted by the very documents on which Plaintiff purports to rely.

6

Plaintiff's assertion that Detective Barnickle "or another officer, had the motive, means, and opportunity to plant the bag of drugs" in his car is similarly speculative and entirely unfounded in any alleged facts in the Second Amended Complaint. Plaintiff alleges no facts regarding any asserted "motive, means, or opportunity" for Detective Barnickle to place controlled substances in his car. Moreover, he makes clear that he has no reason to suspect Detective Barnickle above any other officer because he acknowledges that the alleged planting of drugs could have been accomplished by "another officer." Plaintiff, therefore, does not allege "enough facts to state a claim for relief that is plausible on its face," and cannot proceed against Detective Barnickle on this basis. *Twombly*, 550 U.S. at 555.

**B. Detective Barnickle's search of the Pontiac was supported by probable cause.**

Even had Detective Barnickle searched the Pontiac prior to obtaining a warrant, that search was justified under the automobile exception to the search warrant requirement. "Under the automobile exception to the search warrant requirement, the police can search a vehicle without first obtaining a warrant if they have probable cause to believe the car contains contraband or evidence of illegal activity." *United States v. Thomas*, 819 Fed. Appx. 171, (4th Cir. 2020) (citing *Maryland v. Dyson*, 527 U.S. 465, 466 (1999)). Moreover, the automobile exception continues to apply even after the vehicle is towed and impounded. *See Florida v. Meyers*, 466 U.S. 380, 382 (1984).

Here, Detective Barnickle had probable cause to believe that the Pontiac would contain evidence of criminal activity. Detective Barnickle was aware that a warrant had been issued for Plaintiff's arrest for violating Va. Code § 18.2-108. Detective Barnickle was further aware of information provided to ACPD by the JBM-HH Police Department, including their understanding of the history of the rifle plate and Plaintiff's implication in a theft from Fort Myer

7

immediately before receiving a general discharge from the United States Army. Exhibit 2 ¶ 9. The law permits Detective Barnickle to rely in good faith on the accuracy of this information received from other departments and her fellow ACPD officers. *United States v. Hensley*, 469 U.S. 221, 231 (1985). "Observations of fellow officers of the Government engaged in a common investigation are plainly a reliable basis for a warrant applied for by one of their number." *United States v. Ventresca*, 380 U.S. 102, 111 (1965). And, to the extent any of the facts contained in Detective Barnickle's search warrant affidavit were mistaken—a contention Detective Barnickle does not concede—her reasonable reliance on information obtained from her fellow officers shows that her statements to the magistrate did not amount to knowing or reckless misrepresentations sufficient to impose civil liability. *See Mom's Inc. v. Willman*, 109 Fed. Appx. 629, 636 (4th Cir. 2004) (finding that the reasonableness of conduct of the officer relying on information from another severed the causal connection between the allegedly improper conduct and the subsequent acquisition of the search warrant). Accordingly, it was not clearly established that Detective Barnickle could not rely on information received from the JBM-HH Police Department or Detective Wanek, and she did not violate Plaintiff's constitutional rights in doing so.

  Finally, Detective Barnickle was aware that Plaintiff arrived to pick up his property in the Pontiac, meaning that Plaintiff had access to and regularly used that car in the transaction of his business. She further relied on her own training and experience regarding the uses of vehicles potentially involved in theft-related crimes to support her probable cause analysis. Detective Barnickle correctly believed—and the magistrate agreed—that she had probable cause to search Plaintiff's car.

Accordingly, Detective Barnickle's search of the Pontiac was supported by probable cause. She reasonably relied on information received from other officers, and reasonably obtained a warrant from a neutral and detached magistrate prior to conducting her search. She did not violate Plaintiff's constitutional rights in doing so, and the claim against her in Count I should be dismissed.

### IV. Because Plaintiff does not state a claim for relief under the Fourth Amendment, his claim in Count V also fails.

In Count V of the Second Amended Complaint, Plaintiff purports to state a claim under Va. Code § 19.2-59, which provides that "[n]o officer of the law or any other person shall search any place, thing or person, except by virtue of and under a warrant issued by a proper officer." This code section "has consistently 'been held to provide the same protections as the Fourth Amendment.'" *Nazario v. Gutierrez*, No. 2:21-cv-169, 2022 WL 3213538 (E.D. Va. Aug. 9, 2022) (quoting *Amato v. City of Richmond*, 875 F. Supp. 1124, 1143 (E.D. Va. 1994). *See also Carter v. Commonwealth*, 209 Va. 317, 320, 163 S.E.2d 589, 592 (1968).

Accordingly, Plaintiff's claim in Count V against the ACPD Officers fails for the reasons outlined above as to Count I. It should be dismiss pursuant to Rule 12(b)(6).

### CONCLUSION

For the reasons outlined above, as well as the reasons stated in Detective Wanek and Officer Fuentes, Soules, Vanak, Kline, and Lugasi's Briefs in Support of their respective Motions to Dismiss the Second Amended Complaint, the Second Amended Complaint does not state a claim against Detective Barnickle. The Second Amended Complaint should be dismissed as to Detective Barnickle with prejudice.

**ASHLEY BARNICKLE**

By Counsel

/s/ Leslie A. Winneberger
David P. Corrigan (VSB No. 26341)
Leslie A. Winneberger (VSB No. 45040)
Blaire H. O'Brien (VSB No. 83961)
Counsel for Javier Fuentes, Scott Wanek, Ashley Barnickle,
Lauren Lugasi, Kimberly Soules, Austin Kline and John Vanak
Harman, Claytor, Corrigan & Wellman
P.O. Box 70280
Richmond, Virginia 23255
804-747-5200 - Phone
804-747-6085 - Fax
dcorrigan@hccw.com
lwinneberger@hccw.com
bobrien@hccw.com

**C E R T I F I C A T E**

I hereby certify that on the 6th day of October, 2022, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

    Matthew A. Crist, Esq.(VSB No. 85922)
    Matthew A. Crist, PLLC
    10432 Balls Ford Road
    Suite 300
    Manassas, VA 20109
    571-551-6859 - Phone
    mcrist@MACPLLC.net

Ryan C. Samuel, Esq. (VSB No. 84400)
Arlington County
One Courthouse Plaza
2100 Clarendon Blvd, Suite 403
Arlington, VA 22201
703-228-3100 - Phone
703-228-7106 - Fax
rsamuel@arlingtonva.us

Jessica D. Aber, Esq.
United States Attorney's Office for
the Eastern District of Virginia
600 East Main Street, Suite 1800
Richmond, VA 23219
804-819-5465 – Phone
jessica.d.aber@usdoj.gov

Yuri S. Fuchs, Esq.
Office of the United States Attorney
2100 Jamieson Avenue
Alexandria, VA 22314
703-299-3872 – Phone
703-299-3983 – Fax
yuri.fuchs@usdoj.gov

/s/ Leslie A. Winneberger
David P. Corrigan (VSB No. 26341)
Leslie A. Winneberger (VSB No. 45040)
Blaire H. O'Brien (VSB No. 83961)
Counsel for Javier Fuentes, Scott Wanek, Ashley Barnickle, Lauren Lugasi, Kimberly Soules, Austin Kline and John Vanak
Harman, Claytor, Corrigan & Wellman
P.O. Box 70280
Richmond, Virginia  23255
804-747-5200 - Phone
804-747-6085 - Fax
dcorrigan@hccw.com
lwinneberger@hccw.com
bobrien@hccw.com

11