**DEPARTMENT OF THE ARMY**
JOINT BASE MYER – HENDERSON HALL
204 LEE AVENUE
FORT MYER, VIRGINIA 22211-1199

REPLY TO
ATTENTION OF

## MEMORANDUM OF UNDERSTANDING (MOU)
## BETWEEN
## JOINT BASE MYER-HENDERSON HALL (JBM-HH)
## AND THE
## COUNTY BOARD OF ARLINGTON COUNTY, VIRGINIA

Subject: Mutual Aid and Support Under Federal & State Law

1. <u>Purpose</u>: The purpose of this agreement is to establish the terms under which the Joint Base Myer-Henderson Hall Directorate of Emergency Services (JBM-HH DES) and the County Board of Arlington County, Virginia, through the Arlington County Police Department (ACPD) will provide each other mutual aid and support as allowed under the authority and provisions derived from federal and state laws.

2. <u>Policy</u>:

    a. This agreement makes provision for ACPD and JBM-HH DES personnel to assist one another in the accomplishment of their statutory missions within the scope and authority described in this document. Nothing in this agreement shall be construed so as to limit or relinquish any rights or authority of ACPD or Department of Defense (DoD), derived from whatever source, to perform their duties in circumstances other than those contemplated by this agreement. Furthermore, this agreement does not confer any rights, benefits or immunities on any individual and is intended only as internal guidance for the administration of the ACPD and JBM-HH DES.

3. <u>References</u>:

    a. The Code of Virginia § 15.2-1704 stipulates ACPD has responsibility for the prevention and detection of crime, the apprehension of criminals, the safeguard of life and property, the preservation of peace and the enforcement of state and local, regulations and ordinances.

    b. Under the provisions of 10 U.S.C. § 2674, the Secretary of Defense "may appoint military or civilian personnel or contract personnel to perform law enforcement and security functions for property occupied by, or under the jurisdiction, custody, and control of the DoD, and located in the National Capital Region." Pursuant to that authority, officers of the JBM-HH DES have been appointed to provide security and law enforcement services on the JBM-HH Reservation in Arlington, Virginia.

    c. The Code of Virginia § 15.2-1728 authorizes a locality bordering property over which the federal government has exclusive jurisdiction to "enter into a mutual aid agreement with the

Printed on Recycled Paper



appropriate federal authorities to authorize police cooperation and assistance" on such federal property. All ACPD officers and agents acting under authority granted pursuant to this MOU shall have the same powers, rights, benefits, privileges and immunities while acting in the performance of their duties on the JBM-HH Reservation as are lawfully conferred upon them within Arlington County.

4. Background:

   a. The geographic area this MOU applies to is the JBM-HH Reservation, a federal installation under the jurisdiction, custody and control of the Secretary of Defense, located in Arlington County, Virginia.

   b. Both signatory agencies to this agreement have interest in maintaining public order and to provide protection to their respective communities. Because the jurisdictions are adjoining, it is in the interest of enhanced public safety that this agreement is in effect.

5. Responsibilities:

   a. JBM-HH DES is the primary law enforcement agency for the JBM-HH Reservation. JBM-HH DES may request ACPD support/assistance to mitigate situations or threats on the JBM-HH Reservation. JBM-HH DES will provide all necessary support related to any arrests made on the JBM-HH Reservation.

   b. On the JBM-HH Reservation, ACPD officers may, where authorized by state or county law in accordance with this agreement, support, assist, and render aid to JBM-HH DES Police Officers in the performance of their duties.

      (1) ACPD officers may exercise their law enforcement authority under state or county law in responding to immediate threats to public safety on the JBM-HH Reservation.

      (2) ACPD may approach and engage anyone involved in any activity in which the surrounding circumstances raise suspicion that such person is planning or considering an attempt to cause imminent harm to federal personnel or property on the JBM-HH Reservation.

      (3) ACPD will notify JBM-HH DES as quickly as possible upon becoming involved in any law enforcement incident on the JBM-HH Reservation. Once on the scene, a JBM-HH DES Police officer will assume operational control.

6. Procedures:

   a. If an ACPD officer makes an arrest on the JBM-HH Reservation in accordance with the provisions of this agreement, a JBM-HH DES Police Officer shall provide all necessary support related to the arrest and follow the case up to the subsequent prosecution in the Federal District Court. This includes but is not limited to prisoner processing, evidence storage, report and case preparation.

Subject: Mutual Aid and Support Under Federal & State Law

       (1) The ACPD officer shall be the arresting officer of record.

       (2) JBM-HH DES support will include assisting in the processing of the prisoner (NCIC, photographs and fingerprints) and execution of all related federal forms and/or documents.

       (3) The JBM-HH DES Court Liaison Office shall ensure all court notices; actions and trial dates are provided to ACPD officers in a timely manner providing ample time for case preparation.

       (4) Evidence recovered as a result of an arrest made by ACPD officers on the Joint Base Myer-Henderson Hall Reservation will be handled in accordance with JBM-HH DES procedures.

   b. ACPD shall notify the JBM-HH DES Operations and Communications Center using the established Prior Activity Codes when an incident occurs at facilities or property of DoD interest.

7. <u>Operations Guidelines</u>:

   a. At all times, JBM-HH DES and ACPD will abide by guidance contained within the National Incident Management System (NIMS).

   b. JBM-HH DES: Due to other mission requirements, personnel turnover and lack of resources, the JBM-HH DES does not have a fully manned, equipped and certified Special Weapons and Tactics/Special Reaction Team (SWAT/SRT). Typical scenarios that require a SWAT/SRT would include, but not necessarily be limited to, barricaded suspects, hostage takers, active shooters, etc. These scenarios require a rapid, armed response to contain and deal with violent offenders. This response force should, at a minimum, include a command and control element, a hostage negotiations team and an entry team. In cases where the JBM-HH DES requires this kind of assistance, they will request assistance directly from the JBM-HH Police Station to Arlington County Dispatch.

   c. ACPD: Where authorized by state or county law, ACPD may, upon request by the JBM-HH Provost Marshal (PM) or his designated representative (Police Dispatch), support, assist and render aid to JBM-HH DES officers in the performance of their duties on the JBM-HH installation. Upon request by JBM-HH PM or Joint Base Commander, ACPD officers may undertake any law enforcement task on the JBM-HH installation authorized under state or county law necessary to respond to any immediate threats to public safety. Such requests for assistance would include incidents that the JBM-HH DES cannot respond due to shortfalls in manning, equipment and certified personnel. Typical scenarios would include, but are not limited to, barricaded suspects, hostage takers, and active shooters.

d.  Procedures:

(1) For incidents that require resources beyond the capabilities of the JBM-HH DES, DES personnel will respond to the initial call, establish incident command in accordance with the NIMS, determine and deploy available resources and attempt to contain the event with an inner perimeter. JBM-HH DES Police Dispatch will request assistance from ACPD Dispatch via telephone or Land Mobile Radio (if available). Upon arrival of the designated ACPD supervisor, command and control will be accomplished in accordance with the NIMS. DES support activities include, but are not limited to, evacuating adjacent buildings, requesting utilities shut down, establishing an outer perimeter, assisting with movement of emergency response vehicles onto and off of the installation, etc. If the incident scenario is moving at a speed at which establishment of formal incident command structure cannot be executed because of loss of life (active shooter), responding ACPD officers will make face to face contact with JBM-HH DES personnel, quickly formulate an entry plan and enter the facility in order to stop activities that could result in loss of life.

(2) If an ACPD officer makes an arrest on JBM-HH in accordance with this MOU, JBM-HH DES shall provide all necessary and routine support services related to arrests, such as fingerprinting, photographing, detention and further processing of the defendant through the federal court system. The ACPD officer who made the arrest will be designated as the arresting officer and will be responsible for preparation of all required reports. JBM-HH DES court liaison personnel will provide guidance throughout the process. Evidence will be handled according to JBM-HH DES procedures.

(3) No less than two times per calendar year JBM-HH DES and ACPD will conduct a joint response exercise to validate response plans.

(4) The JBM-HH PM will observe ACPD special teams training in order to validate ACPD capabilities.

8. <u>Appropriation of Funds</u>: All of the ACPD's obligations under this agreement shall be fully subject to the appropriate of funds by the county Board of Arlington County, Virginia, for the purpose of satisfying the ACPD's obligations hereunder.

9. <u>Law Governing Construction of Agreement</u>: This agreement is entered into with the intention that the law of the Commonwealth of Virginia shall govern its construction and enforcement to the extent not otherwise superseded by federal law.

10. <u>No Waiver of Sovereign Immunity and No Indemnification</u>: Notwithstanding any other provision in this agreement to the contrary, nothing in this agreement nor any action taken by the ACPD pursuant to this agreement shall constitute or be construed as a waiver of the sovereign or governmental immunity of the ACPD or its officers or employees. Further, notwithstanding any other provision of this agreement to the contrary, the ACP shall have no obligation to explicitly or implicitly indemnify or hold harmless the JBM-HH or any third party from any liability whatsoever.

11. <u>No Rights in Third Parties</u>: The parties mutually agree that no provision of this agreement shall create in the public, or in any person or entity other than those signing this agreement as parties hereto, rights as a third party beneficiary hereunder, or authorize any person or entity, not a party hereto, to maintain any action for personal injury, property damage, or breach of contract pursuant to the terms of this agreement or otherwise.

12. <u>National Intelligent Reform Act</u>: Whenever the assistance requested under this agreement is the result of an "emergency" or "public service event" as defined in the National Intelligence Reform Act of 2004, the parties intend that this Memorandum of Understanding is a "mutual aide agreement" for purposes of § 7302 of the National Intelligence Reform Act of 2004 ("Act"), by which each party is requested to and will provide law enforcement, fire, rescue, emergency health and medical services during an emergency. For the purposes of this section, the JBM-HH DES Director warrants that he is an authorized representative of the federal government for purposes of the Act.

13. <u>Points of Contact</u>:

   JBM-HH DES:  Chief William R. Johnson          ACPD:  Deputy Chief Jay Farr
                (703) 696-0061                            (703) 228-4123

14. <u>Proponents</u>: The proponent for this MOU is the JBM-HH DES Director.

15. <u>Effective Dates</u>: This MOU becomes effective upon execution by both parties. Modifications to this MOU must be in writing and executed by both parties before such modifications take effect. Either party may terminate this MOU upon 30 days prior written notice to the other party.

_____ 20110301          _____ 3-8-11
Carl R. Coffman, Jr.      Date             M. Douglas Scott        Date
Colonel, US Army                           Chief
Joint Base Commander                       Arlington County Police Department


_____ 20110303
Kenneth J. Sheppard,      Date
Lieutenant Colonel, US Army
Director of Emergency Services/Provost Marshal

5