UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
(Alexandria Division)

| | |
|---|---|
| **CURTIS LEVAR WELLS, JR.,** ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> **JAVIER FUENTES,** et al., ) <br> Defendants ) <br> ) | Case No.    1:22-cv-00140-MSN-IDD <br> Next Event: Dec 16, 2022 <br> Motion Hearing |

<u>**MEMORANDUM IN SUPPORT**</u>
<u>**MOTION TO STRIKE**</u>

COMES NOW PLAINTIFF, by counsel, and for this Memorandum in Support of his Motion to Strike the Notice of Substitution (Dkt. No. 55), and, in support thereof, respectfully states as follows:

On October 4, 2022, Defendants Armstrong, Shepherd, and the United States of America filed a pleading titled "Notice of Substitution" purporting to substitute the United States in the place of Defendants Armstrong and Shepherd.  (Dkt. No. 55).  In support of such Notice, the Defendants attached a certification from Jessica D. Aber, United States Attorney for the Eastern District of Virginia and relied upon the authority of 28 U.S.C. § 2679(d)(1) to so substitute. *Id*.

However, 28 U.S.C. § 2679 does not substitute the United States "by operation of law." *Tripp v. Exec. Office of the President*, 200 F.R.D. 140, 147 (D.D.C. 2001).  "Plaintiff is correct that the Attorney General's determination is not conclusive." *Id* (citing *Kimbro v. Velten*, 308 U.S. App. D.C. 134, 30 F.3d 1501 (D.C. Cir. 1994)).

The Supreme Court "has permitted *Bivens* actions for money damages against federal officers for violations of the Fourth Amendment, [and] the Due Process Clause of the Fifth Amendment." *Dunbar Corp. v. Lindsey*, 905 F.2d 754, 760 (4th Cir. 1990).  "Congress made

1

clear that it was not attempting to abrogate *Bivens* by enacting the Federal Tort Claims Act." *Hoffman v. Preston*, 26 F.4th 1059, 1068 (9th Cir. 2022).  Also, "[t]he availability of a remedy under that Act does not foreclose a parallel *Bivens* suit, because the threat of suit against the United States [is] insufficient to deter the unconstitutional acts of individuals." *Hoffman v. Preston*, 26 F.4th 1059, 1068 (9th Cir. 2022).

> *Bivens* established that the victims of a constitutional violation by a federal agent have a right to recover damages against the official in federal court despite the absence of any statute conferring such a right. Such a cause of action may be defeated in a particular case, however, in two situations. The first is when defendants demonstrate special factors counselling hesitation in the absence of affirmative action by Congress. The second is when defendants show that Congress has provided an alternative remedy which it explicitly declared to be a substitute for recovery directly under the Constitution and viewed as equally effective.

*Carlson v. Green*, 446 U.S. 14, 18-19 (1980) (citing *Davis v. Passman*, 442 U.S. 228, 245 (1979)).

> [The] FTCA was enacted long before *Bivens* was decided, but when Congress amended FTCA in 1974 to create a cause of action against the United States for intentional torts committed by federal law enforcement officers, 28 U. S. C. § 2680 (h), the congressional comments accompanying that amendment made it crystal clear that Congress views FTCA and *Bivens* as parallel, complementary causes of action:

2

> [After] the date of enactment of this measure, innocent individuals who are subjected to raids [like that in *Bivens*] will have a cause of action against the individual Federal agents *and* the Federal Government. Furthermore, this provision should be viewed as a *counterpart* to the *Bivens* case and its progenty *[sic]*, in that it waives the defense of sovereign immunity so as to make the Government independently liable in damages for the same type of conduct that is alleged to have occurred in *Bivens* (and for which that case imposes liability upon the individual Government officials involved).

*Id*. at 19-20 (1980) (quoting S. Rep. No. 93-588, p.3 (1973)).

Plaintiff's Second Amended Complaint ("SAC") contains claims against Defendants Armstrong and Shepherd both for claims rightfully brought under *Bivens*, and for other conduct that is rightfully brought under the FTCA. The Federal Defendants attempt to mash together the numerous factual allegations occurring over the course of several months, multiple hearings, complex investigations involving state and federal investigators, and over a series of numerous transactions and argue that none of them are rightfully *Bivens* actions against the individual officers but are all subjected to the exclusive remedy of the FTCA. Plaintiff is entitled to alternative and multiple theories of recovery; however, Plaintiff's SAC clearly indicates it is not seeking duplicative recovery, as is prohibited.

The holding in *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971) is familiar and permits actions against federal law enforcement agents for their individual conduct while enforcing the criminal law in violation of the Fourth Amendment. Count Six and Count Seven[1] of Plaintiff's SAC seek redress for injury caused by Defendants

---

[1] Defendants' Notice references Counts Three and Four of the original Complaint.

Armstrong and Shepherd, respectively, because of numerous constitutional violations as directly permitted by *Bivens*.

Additionally:

Count One seeks damages against, in part, Defendant Armstrong for the unlawful searches and seizures on February 9, 2020, in violation of Virginia common law.

Count Three seeks damages against Defendant Armstrong, in part, for false imprisonment as he left his post, that is, his place of employment, and under color of law restrained Mr. Wells' physical liberty for over an hour, in concert with the other officers that day, without any legal justification in violation of, in part, Virginia common law.

Count Four seeks damages against, in part, Defendant Shepherd for his conduct, cooperation, and testimony in the malicious prosecution of Plaintiff pursuant to Virginia common law.

Count Eight, then, pleads for relief under the Federal Tort Claims Act for all such conduct that an employer, the United States, may be liable for Defendants Armstrong and Shepherd's conduct while they were acting as agents and employees of the United States.

Plaintiff is entitled to demand alternative forms or types of relief.  Fed. R. Civ. P. 8.  The attempt to substitute the United States for Defendants Armstrong and Shepherd is inappropriate for all claims, thus resulting in a dismissal of Defendants Armstrong and Shepherd from this action.  Where the Court finds Defendants Armstrong and Shepherd were acting within the scope of their office or employment, there is no risk of double recovery by operation of 28 U.S.C. § 2676; however, the United States cannot dismiss them to gain a procedural advantage outside of the scope of 28 U.S.C. § 2679.

Should the Court find, for example, that Defendant Armstrong's conduct of leaving his post and falsely imprisoning Mr. Wells for over an hour was outside the scope of Defendant Armstrong's employment and in violation of Virginia Common Law, then the FTCA would not cover liability for such conduct and Mr. Wells would be deprived of a cause of action, and without an alternative form of redress, because United States Attorney Aber certified Defendant Armstrong was acting within his scope of employment for all conduct in the SAC. The Court is not bound by that certification for factfinding purposes.

Defendant Shepherd's conduct of working with Defendant Wanek to bolster false claims and the malicious prosecution of Plaintiff may be found to be outside the scope of his employment as intentional violations of state common law, similar to the Court's conclusion in the *Tripp* case. In the *Tripp* case, the Court concluded that the defendants' possible liability for state common law claims of invasion of privacy and civil conspiracy precluded automatic substitution by certification. Furthermore, the Supreme Court stated that "[u]nder our reading, the Attorney General's certification that a federal employee was acting within the scope of his employment--a certification the executive official, in cases of the kind at issue, has a compelling interest to grant--does not conclusively establish as correct the substitution of the United States as defendant in place of the employee." *Gutierrez De Martinez v. Lamagno*, 515 U.S. 417, 434, 115 S. Ct. 2227, 2236 (1995).

The United States' notice of substitution, attempt to dismiss Defendants Armstrong and Shepherd by way of 28 U.S.C. § 2679, and attempt to thwart Plaintiff's alternative pleading is procedurally incorrect, in contravention of law, and, thus, the Notice of Substitution should be struck as an improper pleading.

5

WHEREFORE, Plaintiff respectfully requests the Court TO STRIKE Defendant Armstrong, Shepherd, and the United States' Notice of Substitution (Dkt. No. 55), and for such other and additional relief as the Court deems reasonable and just.

**Dated October 11, 2022.**

             Respectfully submitted,

             Curtis Wells,

             By:_____/s/_____
             Counsel

             Matthew A. Crist, VSB No. 85922
             mcrist@MACPLLC.net
             Matthew A. Crist, PLLC
             10432 Balls Ford Rd., Suite 300
             Manassas, VA 20109
             (571) 551-6859
             ***Counsel for Plaintiff***

## **CERTIFICATE OF SERVICE**

  I hereby certify on this day, October 11, 2022, that the foregoing paper was filed and served with the Clerk of Court via the Court's CM/ECF system, which will send notice of such filing to all registered users.

             _____/s/_____
             Matthew A. Crist
             ***Counsel for Plaintiff***