IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| CURTIS LEVAR WELLS JR., )<br>)<br>Plaintiff, )<br>v.   )<br>)<br>JAVIER FUENTES, *et al.* )<br>)<br>Defendants. )<br>_____) | 1:22-cv-00140-MSN-IDD |

**FEDERAL DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE**

Pursuant to Local Rule 7(F)(1), Federal Defendants Michael P. Armstrong, Keith Shepherd, and the United States of America, by and through their undersigned counsel, hereby respectfully submit the instant opposition to Plaintiff's Motion to Strike the Notice of Substitution. *See* ECF Nos. 71-72.

**INTRODUCTION**

On October 4, 2022, Defendant United States of America filed a notice of substitution in order to substitute itself as a party defendant in place of Michael P. Armstrong and Keith Shepherd with respect to Counts 3 & 4 brought against Officers Armstrong and Shepherd in Plaintiff's Second Amended Complaint. As stated on the face of the Notice of Substitution, the substitution was done pursuant to pursuant to 28 U.S.C. § 2679(d)(1) and solely for the state tort law claims brought against those officers in the Second Amended Complaint—Counts 3 & 4—rather than the constitutional tort claims that Plaintiff had brought under *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971) against those same officers—Counts 6 & 7. *See* ECF No. 55. The substitution of the United States of America as a party defendant was appropriate as "[i]n pursuing an intentional tort claim against a federal law enforcement officer, a prospective

1

plaintiff may pursue two alternative avenues of relief. [H]e may either pursue a constitutional claim against the officer directly under the Constitution, as recognized in *Bivens,* or [h]e may file a tort claim under the FTCA [Federal Tort Claims Act]." *Unus v. Kane*, 565 F.3d 103, 121 (4th Cir. 2009). And, under the FTCA, the only proper defendant is the United States of America where a federal officer is acting within the scope of his office or employment at the time of the events giving rise to a state law tort claim. 28 U.S.C. §§ 1346(b), 2674, 2679(a), 2679(d)(1); *Chang-Williams v. Dep't of the Navy*, 766 F. Supp. 2d 604, 608 (D. Md. 2011) ("The Act provides for liability against only '[t]he United States,' and plaintiffs seeking relief under the Act may pursue it against that defendant alone" (quoting 28 U.S.C. § 2674)). Because Defendants Armstrong and Shepherd were acting within the scope of their office or employment at the time of the incidents which serve as the basis for Counts 3 & 4, *see* ECF No. 55-1, and those counts bring state tort law claims, those claims are only properly brought under the FTCA and only properly brought against the United States of America, thereby necessitating the United States of America's substitution as a party defendant as to Counts 3 & 4.

In response, Plaintiff has moved to strike the notice of substitution as to these counts under a variety of arguments. *See* ECF Nos. 71-73.[1] None of them are availing or can preclude

---

[1] Plaintiff also initially argued that the notice of substitution was inappropriate because he believed the United States of America was "attempt[ing] to substitute the United States for Defendants Armstrong and Shepherd . . . for all claims," ECF No. 72 at 4, despite the notice of substitution and the accompanying scope certification only referencing Counts 3 & 4 of the Second Amended Complaint. *See* ECF No. 55; *see also* ECF No. 55-1 ("I hereby find and certify that the named defendants, Michael P. Armstrong and Keith Shepherd, were acting within the scope of their federal office or employment at the time of the incidents out of which the Counts Three and Four of the Amended Complaint arises."). To reiterate, the United States of America is only noticing its substitution for those state tort law claims and not Plaintiff's *Bivens* claims as to the officers in their individual capacities (i.e., Counts 6 & 7), which Federal Defendants have moved to dismiss on other, separate grounds. *See, e.g.*, ECF No. 56 at 7-22.

the substitution of the United States of America as the party defendant for Defendants Armstrong and Shepherd as to Counts 3 & 4.

To start, Plaintiff challenges the United States Attorney's scope certification. But, in so doing, Plaintiff does not introduce any additional evidence as required to challenge that scope certification. At best, he asserts that the Court *could* find that the individual defendants, Armstrong and Shepherd, were acting outside of the scope of their employment and that the Court "is not bound by [the United States Attorney's] certification for factfinding purposes." ECF No. 72 at 5. But Plaintiff's unsupported speculation and cursory remark that the Court is not bound by the certification is not enough challenge the scope certification under well-established caselaw. Moreover, Plaintiff's Second Amended Complaint already concedes that these individuals were acting within the scope of their employment, and a review of the conduct alleged as to defendants Armstrong and Shepherd and Virginia respondeat superior caselaw makes clear that these individuals were within the scope of their employment and do not lose their immunity from state tort law claims provided by the Westfall Act. In sum, the Court should deny Plaintiff's motion to strike and find that the United States of America is properly substituted for Defendants Armstrong and Shepherd as to Counts 3 & 4 of Plaintiff's Second Amended Complaint.

---

Following a discussion between counsel, Plaintiff supplemented his initial motion to strike to clarify that "[u]ndersigned counsel inaccurately interpreted the Federal Defendants' Notice of Substitution" and recognized that "Federal Defendants Notice does not attempt to substitute the United States in for Defendants Armstrong and Shepherd for all counts or claims of the Second Amended Complaint and it is limited to Counts Three and Four of the Second Amended Complaint." ECF No. 73 at 1. Plaintiff, however, continues to maintain his objection to the notice of substitution as to Counts 3 & 4. *See id.* at 2 ("Plaintiff maintains the balance of the arguments in the Memorandum in Support of Plaintiff's Motion to Strike."). Accordingly, this Opposition does not address Plaintiff's misinterpretation of the notice of substitution—which he has withdrawn—and only addresses his remaining objection to the notice of substitution as to Counts 3 & 4.

**ARGUMENT**

I. **Plaintiff Fails to Adduce Any Evidence Necessary to Challenge the Scope Certification.**

At the outset, Plaintiff cannot defeat the presumption given to the United States Attorney's Scope Certification. This is clear form a brief overview of the relevant provisions of the Federal Employees Liability Reform and Tort Compensation Act of 1988 (*i.e.*, the "Westfall Act") and of the procedure that the Fourth Circuit has established to govern objections to scope certifications.

To start, "the Westfall Act, accords federal employees absolute immunity from common-law tort claims arising out of acts they undertake in the course of their official duties." *Osborn v. Haley*, 549 U.S. 225, 229 (2007) (citing 28 U.S.C. § 2679(b)(1)). More specifically, the Westfall Act provides that once the United States Attorney has certified that the defendant-employee was acting within the scope of his or her federal employment at the time of the incident in question, "any civil action or proceeding commenced upon such claim in a United States district court shall be deemed an action against the United States under the provisions of this title and all references thereto, and the United States shall be substituted as the party defendant." 28 U.S.C. § 2679(d)(1). Once this certification is made, a plaintiff maintains the right to challenge the propriety of the certification. *See Gutierrez de Martinez v. Lamagno*, 515 U.S. 417, 436-37 (1995). The inquiry is one of law and must be made by this Court alone, not by a jury. *See Maron v. United States*, 126 F.3d 317, 322 (4th Cir. 1997). Crucially though, once the plaintiff challenges the scope certification, the United States Attorney's certification "serves as prima facie evidence and shifts the burden to the plaintiff to prove, by a preponderance of the evidence, that the defendant federal employee was acting outside the scope of his employment." *Gutierrez de Martinez v. DEA*, 111 F.3d 1148, 1153 (4th Cir. 1997). As the Fourth Circuit has held:

4

> If the plaintiff does not come forward with any evidence, the certification is conclusive. Moreover, the plaintiff's submission must be of specific evidence that contradicts the Attorney General's certification decision, *not mere conclusory allegations and speculation*. If the plaintiff's evidence is sufficient to carry the burden of proof, the defendant federal employee or the Government may come forward with evidence in support of the certification.

*Id.* at 1155 (emphasis added).

The Court's inquiry under this procedure here, however, need not go further as Plaintiff has proffered no evidence whatsoever contradicting the certification decision. Rather, Plaintiff resorts to speculation that the Court *could* find that the actions of Armstrong and Shepherd were outside the scope of their employment based on Plaintiff's allegations in his Second Amended Complaint. *See* ECF No. 72 at 5 ("*Should the Court find*, for example, that Defendant Armstrong's conduct of leaving his post and falsely imprisoning Mr. Wells for over an hour was outside the scope of Defendant Armstrong's employment . . . then the FTCA would not cover liability for such conduct") (emphasis added); *see also id.* ("Defendant Shepherd's conduct of working with Defendant Wanek to bolster false claims and the malicious prosecution of Plaintiff *may be found* to be outside the scope of his employment") (emphasis added). This is not enough to challenge the United States Attorney's certification decision under well-established Fourth Circuit caselaw. *See Gutierrez*, 111 F.3d at 1155 ("If the plaintiff does not come forward with any evidence, the certification is conclusive. Moreover, the plaintiff's submission must be specific evidence or the forecast of specific evidence that contradicts the Attorney General's certification decision."); *Ricks v. Nat'l Institutes of Health*, 2016 WL 1752753, at *2 (D. Md. Apr. 29, 2016) (noting repetition of "conclusory allegations and speculation" is insufficient to challenge a certification decision). Plaintiff's motion to strike the notice of substitution should therefore be denied on this basis alone.

**II.       Officers Armstrong and Shepherd Were Acting within the Scope of Their Employment and Their Conduct Is Within the Broad Confines of Virginia's Respondeat Superior Doctrine.**

Separately, Plaintiff's own allegations and Virginia law make clear that Defendants Armstrong and Shepherd were acting within their scope of employment, and thus Plaintiff's motion to strike should be denied on this basis as well. Courts have recognized that the analysis of whether federal employees and officers are acting within the scope of their employment for the purposes of Westfall Act immunity is to be made "by reference to the respondeat superior law of the state in which the conduct occurred." *Jamison v. Wiley*, 14 F.3d 222, 227 n.2 (4th Cir. 1994). Because Plaintiff alleges conduct that occurred in Virginia, Virginia law is operative as to this inquiry. *See generally* ECF No. 48 (hereinafter "SAC"). And, at the threshold, the Fourth Circuit has noted that "Virginia courts take a fairly broad view of scope of employment." *Martinez*, 111 F.3d at 1156 (noting that a Virginia court had held "that a psychiatrist who sexually assaulted a patient may have acted within the scope of his employment"). As a result, Plaintiff would generally have a difficult time arguing that Defendants Armstrong and Shepherd were not acting within the scope of their employment and are not entitled to scope certification.

But, in any event, Plaintiff is foreclosed from making any argument that Defendants Armstrong and Shepherd were not acting within the scope of their employment by his own pleadings. *See Worsham v. Accts. Receivable Mgmt., Inc.*, 497 F. App'x 274, 277 (4th Cir. 2012) (holding a plaintiff "cannot . . . contradict his own pleadings"); *Bellefonte Re Ins. Co. v. Argonaut Ins. Co.*, 757 F.2d 523, 528 (2d Cir.1985) ("A party's assertion of fact in a pleading is a judicial admission by which it normally is bound throughout the course of the proceeding."). That is, in pleading a "respondeat superior" claim against the United States in his Second Amended Complaint, Plaintiff himself alleges that "[t]he United States is liable to Mr. Wells under the doctrines of respondeat superior and vicarious liability for the wrongful conduct of Shepherd and

6

Armstrong while they were acting as agents and employees of the United States and operating within the scope of their employment therefor, as described herein." SAC ¶ 264. Further, Plaintiff specifically alleges that he exhausted the FTCA's administrative process and brought a FTCA claim based on Shepherd and Armstrong's conduct because "[d]uring the time periods relevant to Mr. Wells' claims, Shepherd and Armstrong were employees of the United States within the meaning of the FTCA and were acting within the scope of such employment." SAC ¶ 265; *see also* SAC ¶ 266 (noting Plaintiff had submitted a FTCA claim based on Shepherd and Armstrong's conduct); Ex. 1 (Plaintiff's administrative FTCA claim). In other words, Plaintiff himself alleges that Armstrong and Shepherd were acting within the scope of their employment, further supporting the certification decision and the notice of substitution.[2]

To the extent Plaintiff can somehow wriggle out of his pleadings to now assert that Defendants Armstrong and Shepherd were not acting within the scope of their employment, well-established caselaw establishes that their law enforcement and investigative conduct is within the scope of their employment. "In determining whether particular employee conduct was within the scope of employment, Virginia case law makes it clear that an employer may be held liable even

---

[2] On information and belief, Plaintiff's about-face from his earlier position (that Defendants Shepherd and Armstrong were acting within the scope of their employment) appears to be based on Plaintiff's continued desire to bring claims against these defendants in their individual capacities and his belief that the Supreme Court may overrule the line of *Bivens* caselaw permitting constitutional tort law claims against federal officers in their individual capacities. *See Hernandez v. Mesa*, 140 S. Ct. 735, 752 (2020) (Thomas, J., concurring) ("[W]e have already repudiated the foundation of the *Bivens* doctrine; nothing is left to do but overrule it."). Plaintiff's wish cannot affect the scope certification of Defendants Shepherd and Armstrong for three reasons, however. First, Plaintiff is speculating that *Bivens* will be overruled when the most recent Supreme Court decision explicitly declined to do so. *See Egbert v. Boule*, 142 S. Ct. 1793, 1809 (2022) ("[T]o decide the case before us, we need not reconsider *Bivens* itself."). Second, Plaintiff's belief cannot trump the express statutory immunity provided under the Westfall Act to federal employees facing state law tort claims. *See Osborn*, 549 U.S. at 229. And lastly, Plaintiff previously admitted in his pleadings that Defendants Shepherd and Armstrong were acting within the scope of their employment despite his current about-face. *See, e.g.*, SAC ¶ 265.

if the conduct was not undertaken with the intent of furthering the employer's interest." *Meade v. Johnston Mem'l Hosp.*, 2010 WL 3463639, at *3 (W.D. Va. Sept. 2, 2010) (citing *Gina Chin & Assocs., Inc. v. First Union Bank,* 537 S.E.2d 573, 578 (Va. 2000)). "Rather, the relevant test to determine whether particular conduct is within the scope of employment is 'whether the service itself, in which the tortious act was done, was within the ordinary course of the employer's business.'" *Id.* (quoting *Blair v. Defender Services, Inc.*, 386 F.3d 623, 627 (4th Cir. 2004)). Not surprisingly, one court in this district has recognized that law enforcement activities by law enforcement officers "even if 'intentional, willful, and malicious'" are within the officers' scope of employment. *Smith v. Wright*, 2020 WL 6053154, at *15 (E.D. Va. May 6, 2020), *report and recommendation adopted*, 2020 WL 3568312 (E.D. Va. July 1, 2020). Based on Plaintiff's allegations and the materials incorporated therein, Officer Armstrong was clearly acting within the scope of his employment when he encountered Plaintiff as he was assigned to and patrolling Arlington National Cemetery when he first observed Plaintiff just outside of the cemetery. *See* ECF No. 57 at 3. Further, Detective Shepherd was acting within the scope of his employment as he was a Department of the Army civilian detective who investigated Plaintiff based on the suspicion that Plaintiff had stolen military equipment. *See* SAC ¶¶ 16, 81.

At best, Plaintiff's motion to strike asserts that Detective Shepherd's conduct "may be found to be outside the scope of his employment as intentional violations of state common law, similar to the Court's conclusion in the *Tripp* case." ECF No. 72 at 5. But Virginia courts, and federal courts interpreting Virginia law, have repeatedly rejected the argument that intentionally tortious conduct—even conduct that is "willful or malicious," *Comm. Business Sys. v. BellSouth*, 453 S.E. 2d 261, 266 (Va. 1995)—is, in and of itself, beyond the scope of employment. *See Martinez*, 111 F.3d at 1156 (recognizing that "Virginia courts . . . hold that even intentional torts

8

may be within the scope of employment"). Further, Plaintiff's cited case, *Tripp v. Exec. Off. of the President*, 200 F.R.D. 140 (D.D.C. 2001), is inapposite. For one, *Tripp* did not deal with Virginia law, which is binding as to this Court's analysis here. But for another, nothing in *Tripp* stands for Plaintiff's reading of it that "defendants' possible liability for state common law claims of invasion of privacy and civil conspiracy precluded automatic substitution by certification." ECF No. 72 at 5. Rather, the Court in *Tripp* decided it would engage in further analysis of the certification issue in light of the existing record before it. *See Tripp*, 200 F.R.D. at 177 ("The Court is persuaded by plaintiff that there should be discovery, briefing, and an evidentiary hearing to determine whether Bacon and Bernath were acting within the scope of their employment and whether the Attorney General's certification is proper.").[3]

In sum, both Plaintiff's pleadings and Virginia law establish that Defendants Armstrong and Shepherd were acting within the scope of their employment as to the incidents that serve as the basis for Counts 3 & 4 of Plaintiff's Second Amended Complaint, and the Court should deny Plaintiff's motion to strike on this alternative basis as well.

## CONCLUSION

For the foregoing reasons, Federal Defendants respectfully request that the Court deny Plaintiff's Motion to Strike the notice of substitution.

---

[3] While the court in *Tripp* indicated that limited discovery would be appropriate to determine whether scope certification was proper, this is not necessary in this case where Plaintiff has already admitted that Defendants Armstrong and Shepherd were acting within the scope of their employment. Further, binding Fourth Circuit authority has held that there may be discretionary discovery or a hearing on scope certification but that there *should not be* such discovery or hearing "if the certification, the pleadings, the affidavits, and any supporting supplementary evidence do not reveal an issue of material fact." *Gutierrez*, 111 F.3d at 1155. There is no issue of material fact here as Plaintiff has offered no evidence that contradicts the scope certification, and thus there should not be discovery or hearing on the scope certification.

Dated: October 12, 2022					Respectfully submitted,

									JESSICA D. ABER
									UNITED STATES ATTORNEY

							*By*:    /s/
									YURI S. FUCHS
									Assistant United States Attorney
									Office of the United States Attorney
									Justin W. Williams U.S. Attorney's Building
									2100 Jamieson Avenue
									Alexandria, Virginia 22314
									Tel:    (703) 299-3872
									Fax:    (703) 299-3983
									Email: yuri.fuchs@usdoj.gov
									*Counsel for Federal Defendants*

10

## CERTIFICATE OF SERVICE

I do hereby certify that on this 12th day of October, 2022, I have electronically filed the foregoing using the CM/ECF system, which in turn sent notice to all counsel of record who are registered with that system.

           /s/
Yuri S. Fuchs
Assistant U.S. Attorney
U.S. Attorney's Office
2100 Jamieson Avenue
Alexandria, VA 22314
Tel: (703) 299-3872
Fax: (703) 299-3983
Email: yuri.fuchs@usdoj.gov
*Counsel for Federal Defendants*